**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| LATANYA BRIGGS, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO.  1:17-cv-06968 |
| TOTAL FINANCE, LLC, | |
| Defendant. | DEMAND FOR JURY TRIAL |

**COMPLAINT**

NOW comes LATANYA BRIGGS ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of TOTAL FINANCE, LLC ("Defendant"), as follows:

### NATURE OF THE ACTION

1.  Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 and the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") under 815 ILCS 505/1 for Defendant's unlawful practices.

### JURISDICTION AND VENUE

2.  This action arises under and is brought pursuant to the TCPA.  Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States and supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3.  Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant resides in the Northern District of Illinois, conducts business in the Northern District of Illinois and a substantial

1

portion the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

## PARTIES

4. Plaintiff is a 43 year old natural person residing at 534 Manor Place, Aurora, Illinois, which falls within the Northern District of Illinois.

5. Plaintiff is a "person" as defined by 47 U.S.C. §153(39).

6. Defendant is a finance company that specializes in the acquisition and servicing of prime to subprime automotive retail installment contracts. Defendant is a limited liability company organized under the laws of Illinois. Defendant's registered agent is David A. Shapiro whose registered address is 150 North Wacker Drive, Suite 1400, Chicago, Illinois.

7. Defendant is a "person" as defined by 47 U.S.C. §153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all time relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

9. In the summer of 2017, Plaintiff began receiving calls from Defendant to her cellular phone, (773) XXX-8047.

10. At all times relevant, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 8047. Plaintiff is and has always been financially responsible for the cellular phone and its services.

11. Defendant mainly uses the phone number (773) 267-7800 when placing calls to Plaintiff's phone, but upon information and belief Defendant has used other numbers to contact Plaintiff, including but not limited to (773) 649-3280.

12. Upon information and belief, the above-referenced phone numbers are regularly utilized by Defendant during its debt collection activities.

13. When Plaintiff answers call from Defendant, she often hears an automated message followed by a live representative that gets on the line.

14. During other answered calls, Plaintiff experiences a brief pause lasting several seconds followed by a live representative audibly picking up the other end.

15. Defendant's incessant calls to Plaintiff's cellular phone were in an attempt to collect upon a past due loan obligation.

16. Aggravated by the constant phone calls, Plaintiff informed Defendant that she would make her payments when able, and asked Defendant to cease the harassing phone calls.

17. Defendant informed Plaintiff it would not stop calling, to which Plaintiff repeated her plea that Defendant stop calling her.

18. Despite her repeated demands, Defendant has continued to call Plaintiff's cellular phone on a regular basis up until the date of the filing of this complaint.

19. Defendant has called Plaintiff's cellular phone multiple times on the same day, even after being told to stop.

20. For instance, on or about September 11, 2017, Plaintiff received not less than 3 calls from Defendant.

21. Plaintiff has received not less than 35 phone calls from Defendant since demanding that it stop calling her.

22. Frustrated over the persistent calls, Plaintiff spoke with Sulaiman regarding her rights, resulting in costs and expenses.

23.  With the goal of specifically addressing Defendant's conduct, Plaintiff has expended approximately $53.00 to purchase and maintain an application subscription on her cellular phone to block the calls, resulting in pecuniary loss.

24.  Plaintiff has been unfairly harassed by Defendant's actions.

25.  Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

26.  Plaintiff repeats and realleges paragraphs 1 through 25 as though fully set forth herein.

27.  The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent.  The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

28.  Defendant used an ATDS in connection with its communications directed towards Plaintiff.  The recorded message that Plaintiff experiences during answered calls before being connected to Defendant's live representative is instructive that an ATDS is being used. Further illustrating Defendant's use of an ATDS is the brief pause and audible answering by Defendant's representative that Plaintiff experiences on answered calls. Similarly, the frequency and nature of Defendant's calls are indicative of an ATDS.

29. Defendant violated the TCPA by placing at least 35 phone calls to Plaintiff's cellular phone using an ATDS without her consent. Any consent Plaintiff *may* have given to Defendant was explicitly revoked by her multiple demands to cease contact.

30. The calls placed by Defendant to Plaintiff were regarding business transactions and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

31. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C). Plaintiff demanded that Defendant stop calling her on multiple occasions, to which Defendant informed her that it would continue to call her until she made payment. This is clearly willful conduct, as Defendant consciously continued placing calls to Plaintiff's cellular phone without her permission.

WHEREFORE, Plaintiff, LATANYA BRIGGS, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

32. Plaintiff restates and realleges paragraphs 1 through 31 as though fully set forth herein.

33. Plaintiff is a "person" and "consumer" as defined by 815 ILCS 505/1(c) and (e) of the ICFA.

34. Defendant's collection calls to Plaintiff are "trade" and "commerce" as defined by 815 ILCS 505/1(f) of the ICFA.

35. The ICFA states:

> "Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby." 815 ILCS 505/2.

36. Defendant violated 815 ILCS 505/2 by engaging in an unfair and deceptive act or practice in contacting Plaintiff. It was unfair for Defendant to relentlessly contact Plaintiff through means of an ATDS when she requested that it no longer do so. Plaintiff even took the time to call Defendant back and reiterate her demands that it stop calling her.

37. Defendant has also placed multiple calls to Plaintiff's cellular phone in the same day, even after being told to cease calling. Placing several calls in a short amount of time is extremely harassing behavior that amounts to an unfair practice.

38. The ICFA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

39. The ICFA further states:

> "Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper." 815 ILCS 505/10a.

40.   As pled in paragraphs 21 through 25, Plaintiff has suffered actual damages as a result of Defendant's unlawful collection practices, including expending money on a monthly application subscription on her cellular phone in an attempt to block its phone calls.  As such, Plaintiff is entitled to relief pursuant to 815 ILCS 505/10a.  An award of punitive damages is appropriate because Defendant's conduct was outrageous, willful and wanton, and showed a reckless disregard for the rights of Plaintiff.  Plaintiff repeatedly told Defendant to stop its harassing phone calls, yet she still received not less than 35 phone calls after demanding the contacts cease. Moreover, after being told to stop calling, Defendant's representatives informed Plaintiff that they would continue to call her until she made payment.  This unfair behavior illustrates a reckless disregard for Plaintiff's rights, as Defendant was aware of its unlawful conduct but consciously chose to continue harassing Plaintiff in an attempt to extract payment.  Upon information and belief, Defendant regularly engages in the above described behavior against consumers in Illinois and for public policy reasons should be penalized.

WHEREFORE, Plaintiff, LATANYA BRIGGS, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a.   Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b.   Awarding Plaintiff actual and punitive damages, in an amount to be determined at trial, for the underlying violations;

c.   Awarding Plaintiff costs and reasonable attorney fees;

d.   Enjoining Defendant from further contacting Plaintiff; and

e.   Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: September 27, 2017

Respectfully submitted,

s/ Nathan C. Volheim
Nathan C. Volheim, Esq. #6302103
Counsel for Plaintiff
Admitted in the Northern District of Illinois
Sulaiman Law Group, Ltd.
2500 South Highland Ave, Suite 200
Lombard, Illinois 60148
(630) 568-3056 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com

s/Taxiarchis Hatzidimitriadis
Taxiarchis Hatzidimitriadis, Esq. #6319225
Counsel for Plaintiff
Admitted in the Northern District of Illinois
Sulaiman Law Group, Ltd.
2500 South Highland Ave, Suite 200
Lombard, Illinois 60148
(630) 581-5858 (phone)
(630) 575-8188 (fax)
thatz@sulaimanlaw.com